IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR123 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | **UNOPPOSED MOTION FOR** |
| KENNETH JOHNSON, | ) | **PROTECTIVE ORDER** |
| JOHN HOPKINS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now comes the United States of America, by and through its counsel, Bridget M. Brennan, Acting United States Attorney, and Justin Seabury Gould and Megan R. Miller, Assistant United States Attorneys, and hereby respectfully requests that this Court issue an order pertaining to disclosures made by the United States of America to counsel of record for Defendants, employees of defense counsel of record, and other personnel engaged or employed by defense counsel of record in connection with this case (collectively, the "Defense Teams") pursuant to the government's discovery obligations (including under the *Jencks* Act, 18 U.S.C. § 3500, and Rule 16 of the Federal Rules of Criminal Procedure).

I. **MOTION FOR PROTECTIVE ORDER.**

    A. <u>SUMMARY</u>

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the government respectfully moves this Court for a protective order prohibiting any member of the Defense Teams, which includes the Defendants, from disclosing or disseminating any and all discovery material produced by the government in this case, including any and all *Jencks* materials, including reports of prior statements of potential government trial witnesses, documents submitted with said materials (together, the "Discovery Material"), and the substance thereof, to any person or entity in any way without express permission of the Court. A proposed protective order is attached as "Exhibit 1" hereto. Furthermore, the government requests that the order require each member of the Defense Team who receives or reviews Discovery Material to sign the appropriate Acknowledgments (attached hereto as "Exhibit 2" for each member of the Defense Team, "Exhibit 3" for each Defendant, and "Exhibit 4" for each potential witness) referenced in the proposed protective order, and file such Acknowledgment with the Court *ex parte* and under seal.

It is further requested that the following exceptions to the foregoing restrictions be made with respect to the conducting of investigations by members of the Defense Team, so long as the Defense Team members have previously executed the appropriate acknowledgment that has been filed *ex parte* and under seal with the Court, as described above: A Defense Team member may disclose and show Discovery Material to potential witnesses under the following conditions: (1) prior to the actual disclosure, the Defense Team member making an investigative disclosure must either provide a copy of the protective order to any individual to whom disclosure will be made or summarize the pertinent parts of the protective order prohibiting witnesses from conveying any information to any other person or entity and the consequences of such an

unauthorized disclosure, and orally advise the individual of his or her obligation to comply with its terms; (2) the Defense Team will provide a written Acknowledgment filed *ex parte* and under seal with the Court within 72 hours of execution, that the potential witness has been informed of the existence of this Order and that he or she has confirmed to a Defense Team member their understanding and agreement to abide by its terms; (3) the individual to whom disclosure is made shall not take any notes, otherwise record any information contained in Discovery Material, or retain copies of such material, and the disclosing Defense Team member will make reasonable efforts to ensure compliance with this provision; and (4) the Defense Team will redact *Jencks* and other discovery materials so as not to disclose any personal identifying information or information regarding non-indicted persons before copies of such documents are shown to the individual, except to the extent such information is that of the individual to whom such materials are to be shown. In addition, a Defense Team member subject to the protective order may show copies of summary charts derived from Discovery Material to potential witnesses as long as conditions (1) through (4) above are satisfied.

      B.     <u>JUSTIFICATIONS FOR LIMITED DISCLOSURE</u>

Many of the materials that the government will produce in discovery and, including *Jencks* materials or *Giglio* materials, contain information, including names, addresses, Social Security numbers, dates of birth, criminal histories as well as other personal identifying information of the Defendants charged in the indictment in this case. The information contained in these documents also includes personal identifying information of persons not charged in the indictment. The government will also produce sensitive financial information, including tax returns. Finally, these documents also include information provided by confidential sources, and information about confidential sources. Dissemination of this confidential and sensitive information increases the risk that privacy rights would be violated.

3

Discovery in this case is voluminous, and confidential, sensitive information of the type described above is dispersed throughout it.  Accordingly, although as a general matter this type of information can be manually redacted in most circumstances, the government seeks to make such materials subject to a protective order to avoid slowing the discovery process by requiring the government to employ what would be a protracted redaction process for the discovery productions.  Discovery Materials can be produced in a timelier manner if the Government is not required to undertake time-consuming redactions and is not required to analyze whether each item produced should be subject to the protective order.  Placing the confidential personal information of third parties under a protective order puts the Government and Defendants in equal positions, both having full and open access to the same information.  Further, a protective order serves the interest of ensuring the privacy of third parties and, where applicable, is consistent with the terms of Defendants' bonds, wherein they are prohibited from having contact with potential witnesses.

Finally, there are individuals who are named in the Discovery Material who may never be charged.  Dissemination of this information enhances the risk that privacy rights would be violated, and disclosure of investigative information regarding un-charged persons may result in undue media attention that could make jury selection more difficult.  *See Gannett Co. v. DePasquale*, 443 U.S. 368 (1979); *Chandler v. Florida*, 449 U.S. 560 (1981); *Sheppard v. Maxwell*, 384 U.S. 333 (1966).  The Discovery Material should remain confidential under this Court's protective order to avoid embarrassment for those persons who may never be charged.

**II.	CONCLUSION**

Accordingly, pursuant to Federal Rule of Criminal Procedure 16(d)(1), that applies to all discovery materials, including all *Jencks* and *Giglio* materials and exhibits, and that prohibits any member of the Defense Teams from disseminating any and all such materials to any other person or entity without complying with the terms of the protective order.  Undersigned counsel has conferred with counsel for Kenneth Johnson and John Hopkins, who do not oppose this motion.

<div style="margin-left:3em;">

Respectfully submitted,

BRIDGET M. BRENNAN
Acting United States Attorney

By:	 /s/ *Justin Seabury Gould*
Justin Seabury Gould (OH: 0084584)
Megan R. Miller (OH:  0085522)
Assistant U.S. Attorneys
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3869/3855
Justin.Gould@usdoj.gov
Megan.R.Miller@usdoj.gov

</div>