**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-cr-00123 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **MOTION TO QUASH SUBPOENAS** |
| | ) | **ISSUED TO NON-PARTIES CITY OF** |
| KENNETH JOHNSON, ET AL., | ) | **CLEVELAND DIRECTOR OF FINANCE** |
| | ) | **SHARON DUMAS AND CLERK OF** |
| Defendants. | ) | **CLEVELAND CITY COUNCIL,** |
| | ) | **PATRICIA BRITT** |

     Now come non-parties Sharon Dumas, Director of Finance for the City of Cleveland, and the Clerk of the Cleveland City Council, Patricia Britt, by and through undersigned counsel, and pursuant to Federal Rule of Criminal Procedure 17(c)(2), herein move for an order quashing subpoenas duces tecum served upon them by counsel for the above-captioned Defendant. Said subpoenas were received on July 19 and July 20, 2021, respectively, compelling their appearance and the production of voluminous records before this court on Wednesday, July 28, 2021 at 9 a.m.. Copies of these subpoenas and the attachments setting forth their duces tecum components are attached hereto and fully incorporated herein by their reference.

     The instant motion is placed before the court on four grounds. First, a review of the subpoenas and the attached list of documents to be produced, irrespective of their being served with only eight or nine days' of notice, reveals that compliance with them would be "unreasonable and oppressive". Fed.R.Crim.P. 17(c)(2). For example, Paragraph 1 of the duces tecum directed to Director Dumas seeks to compel production of "all ordinances, policies, standard operating procedures, and protocols, whether written or unwritten, relating to the respective roles, responsibilities and communications, and approval or denial of Expenses, between the Council

1

members and the City Finance Department pertaining to Council Member Expense Reports from 2010 to the present." Similarly, Paragraphs 2 and 3 of the duces tecum directed to Ms. Britt seek to compel "the expense reports for all City Council members from 2010 to the present…all approvals and denials of Council member expense reports from 2010 to the present."

Whether in their overbreadth, lack of specificity, period embraced, or voluminous materials sought, compliance with these requests, along with the other 41 combined sub-components of the respective duces tecum attachments is, under the circumstances presented, both wholly unreasonable and oppressive. *Id*.

Second, a review of this court's standing order regarding use of subpoenas to compel production of documents, etc., read in conjunction with the docket of the above-captioned matter, shows that counsel for Defendant Johnson has not complied with any provision of said order in serving the subpoenas upon the Movants herein. In reviewing the docket of this case, the undersigned was unable to discern any motion for leave filed by defense counsel to use subpoenas to secure documents, much less a declaration supporting the defense's rationale for securing documents and/or testimony via subpoena.

Third, and based upon information and belief, many, if not all of the documents sought by defense counsel, particularly those pertaining to Defendant Johnson, have been or should have been provided to counsel in conformity with Fed.R.Crim.P. 16(E). As such, most, if not all of the documents sought from the Movants herein should be in possession of counsel for Defendant Johnson, and further compelled production of the same documents via subpoena would be unnecessarily duplicative, as well as unreasonable and oppressive.

Finally, a review of the docket compiled in this case, the charges pending, along with inferences drawn with respect to defense theories to be posited by Defendant Johnson demonstrates

that aside from the procedural defects of the subpoenas themselves, it does not appear that they seek information as permitted by Fed.R.Crim.P. 17.  As the Sixth Circuit recently relied upon in affirming the district court's quashing of subpoenas in a case involving convictions for, inter alia, mail and bank fraud:

> In *United States v. Nixon*, the Court delineated the requirements that a moving party must meet for a Rule 17(c) subpoena to be properly issued:
>
>> [I]n order to require production prior to trial, the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." Against this background, [three hurdles must be met]: (1) relevancy; (2) admissibility; (3) specificity.  418 U.S. 683, 699–700, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974) (footnote omitted).
>
> *United States v. Warren*, 782 Fed. Appx. 466, 472 (6th Cir., 2019).

This language, read in combination with this court's March 26, 2021 trial order, Fed.R.Crim.P. 17, and the subpoenas themselves, provides this court with ample basis upon which to quash said subpoenas.

WHEREFORE, non-parties City of Cleveland Finance Director Sharon Dumas and Clerk of Cleveland City Council Patricia Britt pray that the court will find the instant motion to be well-taken, and thereupon issue an order quashing the respective subpoenas issued to them, which order will further direct them to cease compilation of the documents requested and excuse them from appearing at the trial of this case before this court on Wednesday, July 28, 2021 at 9 a.m..

        Respectfully submitted,

        BARBARA A. LANGHENRY (0038838)
        Director of Law, City of Cleveland

By:   *s/ Craig J. Morice*
      Craig J. Morice (0065424)

3

Assistant Director of Law
City of Cleveland, Department of Law
601 Lakeside Avenue, Room 106
Cleveland, Ohio 44114-1077
Tel: (216) 664-4333
Fax: (216) 664-2663
Email: cmorice@city.cleveland.oh.us

Counsel for non-party Movants Sharon Dumas and
  Patricia Britt

**CERTIFICATE OF SERVICE**

The undersigned certifies that on July 21, 2021 a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Craig J. Morice
Craig J. Morice (0065424)

Counsel for non-party Movants Sharon Dumas and
  Patricia Britt