ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   1:21CR123 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| KENNETH JOHNSON, et al., | ) | |
| | ) | ORDER |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendant Kenneth Johnson's motion requesting that this Court declare a mistrial. Doc. 120. The motion is DENIED.

Defendant Johnson contends that the Government impermissibly asked questions regarding specific instances of conduct to rebut the assertions that Defendant Johnson had a reputation for being trustworthy and honest. Defendant Johnson asserts that any such line of questioning should have been limited to general reputation evidence.

It is somewhat unclear from Defendant Johnson's argument which Rule of Evidence he believes the Government violated. Defendant Johnson generally asserts that "Rules 404(a), 405, and 609" support his contentions. However, once the general positive reputation of the defendant has been testified to by a witness, "the court may allow an inquiry into *relevant specific instances* of the person's conduct." Fed. R. Evid. 405(a)(emphasis added); *see also Hickson Corp. v. Norfolk S. Ry. Co.*, 124 F. App'x 336, 343 (6th Cir. 2005) ("Under Rule 405, once a party "opens the door" to reputation or character evidence on direct examination, inquiry is allowed into "relevant specific instances of conduct" that rebut or impeach that evidence."). In fact, the

Advisory Committee on the Federal Rules of Evidence has commented on the theory of allowing such cross-examination:

> According to the great majority of cases, on cross-examination inquiry is allowable as to whether the reputation witness has heard of particular instances of conduct pertinent to the trait in question. Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948); Annot., 47 A.L.R.2d 1258. The theory is that, since the reputation witness relates what he has heard, the inquiry tends to shed light on the accuracy of his hearing and reporting.

Fed.R.Evid. 405 (Advisory Comm. Notes). The Sixth Circuit has gone as far as to note: "Allowing the government to ask defendants' reputation character witnesses if they had heard of specific acts of conduct was not an abuse of discretion by the district court and, indeed, was a textbook application of Fed.R.Evid. 405(a)." *United States v. Frost*, 914 F.2d 756, 772 (6th Cir. 1990). As such, the underlying premise of Defendant Johnson's motion – that inquiring of specific instances of conducts was improper – has no legal support.

Defendant Johnson also appears to raise an argument suggesting that the Government's line of questioning somehow improperly introduced prior bad acts without compliance with Fed. R. Evid. 404. However, in so doing, Defendant Johnson ignores that the Government's questioning never touched on any *prior* bad acts. Instead, the Government focused its questions upon the *current* allegations against Defendant Johnson. As such, Rule 404(b) is not implicated.

Finally, Defendant Johnson contends that the Court's statements made while allowing this line of testimony "may well give the jury the false impression that the Court has formed an opinion that the Government has factually established the allegations contained in the Indictment." Doc. 120 at 3. The Court finds no merit in this contention.

Initially, the Court's statement below was made in response to the objections raised by

2

Defendant Johnson:

> Ladies and gentlemen, the Assistant U.S. Attorney is asking questions based upon testimony earlier in the case, allegations which the government is now permitted to ask. The witness has rendered an opinion about the reputation and character of the defendant. The government is permitted to ask questions of the witness as to that opinion. And the government is basing those questions based upon the state of the evidence in this case.

Doc. 117 at 177. Contrary to any assertion by Defendant Johnson, the Court offered no opinion on any aspect of the evidence.[1] Instead, the Court merely permitted examination of the witness consistent with Rule 405 and the record established to that point in trial.

Further, to the extent that Defendant Johnson believes that the Court's remarks would leave any impression upon the jury in any matter, the Court will give its standard instructions related to both aspects of the issue raised by Defendant Johnson. Specifically, the jury will be instructed in a manner that includes both of the following:

**COURT HAS NO OPINION**

> Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the Government has proved the Defendant guilty beyond a reasonable doubt.

**EVIDENCE DEFINED**

> You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside the court influence your decision in any way.
>
> The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; the stipulations that

---

[1] Notably, Defendant Johnson does not contend that the testimony of prior witnesses failed to support the questions posed by counsel for the Government. In other words, there is no dispute that the Government's questions were in fact "based upon the state of the evidence" at the time the Court issued its ruling.

> the lawyers agreed to; and the facts that I have judicially noticed.
>
> Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

Accordingly, the jury will be instructed that *any* statement made by the Court should not be construed as offering an opinion on the evidence. Further, the jury will be instructed that the questions posed by counsel are not evidence. As such, Defendant Johnson will be fully insulated from any risk that a juror may be misinterpret some aspect of the Court's evidentiary ruling.

Defendant Johnson's motion to declare a mistrial is DENIED.

IS SO ORDERED.

July 27, 2021  /s/John R. Adams
Date  JOHN R. ADAMS
  UNITED STATES DISTRICT JUDGE

4