THE UNITED STATES DISTRICT COURT
NORTHER DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR123 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KENNETH JOHNSON, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Defendant Kenneth Johnson's motion for bond pending appeal. The Court has been advised, having reviewed the motion, examined the law, and presided over this matter from its onset. For the reasons stated herein, the motion is DENIED.

18 U.S.C. § 3143 requires this Court to order the detention, pending appeal, of an individual who has been sentenced to a term of imprisonment, unless one of the listed exceptions applies. Furthermore, the Sixth Circuit has found that § 3143 "creates a presumption against release pending appeal." *United States v. Chilingirian*, 280 F.3d 704, 709 (6th Cir. 2002).

18 U.S.C. § 3143(b) provides as follows:

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

>(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
>(i) reversal,
>
>(ii) an order for a new trial,
>
>(iii) a sentence that does not include a term of imprisonment, or
>
>(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

In his motion, Johnson asserts that he is not a flight risk or danger to the community. He goes on to assert that his appeal raises substantial questions over factual and legal issues related to the loss amount used in his advisory guideline calculation and the Court's exclusion of certain evidence. The Court finds no merit in Johnson's assertions.

Initially, the Court rejected Johnson's contentions regarding loss amount during his sentencing hearing. The Court has no reason to revisit that decision. Initially, the Court finds there is no substantial question of fact surrounding this issue. The facts presented at trial firmly support the loss calculation presented in the PSR and ultimately adopted by the Court. However, assuming *arguendo* that Johnson was *entirely* correct on the issue of loss amount, his advisory guideline range would have been 51 to 63 months. Thus, this argument cannot support granting Johnson bond while on appeal.

To the extent that Johnson goes on to argue that the Court erred in the application of numerous enhancements – the organizer/leader enhancement, the use of a person under the age of 18, and obstruction of justice – the Court finds that no substantial question exists. The Government properly demonstrated that Kevin Johnson should have been included when calculating the number of persons involved in the criminal activity.

Similarly, the evidence established that Johnson utilized Michael and Kevin Johnson, both under the age of 18 at the time, to facilitate his fraud. Finally, Johnson was convicted by the jury of tampering with a witness. Thus, his challenge to the obstruction enhancement fails as a matter of law.[1]

In his final two arguments, Johnson simply restates arguments that were made and rejected during trial. Johnson first contends that the Court erred when it refused to allow him to introduce estimates of classic automobiles. Similarly, he contends that the Court erred in denying his request for a mistrial due to the Government's discussion of campaign funds. The Court fully explained its reasoning for both decisions on the record, and Johnson's motion for bond highlights no error in those decisions. Rather, he simply contends the decisions were erroneous. The Court, therefore, finds that no substantial question exists with respect to these decisions.

Johnson's motion for bond pending appeal is DENIED.

IT IS SO ORDERED.

December 3, 2021                 */s/ Judge John R. Adams*
                                                               JUDGE JOHN R. ADAMS
                                                               UNITED STATES DISTRICT COURT

---

[1] In passing, Johnson also suggests he should have received a 2-level reduction for acceptance of responsibility despite never admitting any portion of his criminal conduct. There is no legal support for Johnson's contention, and the Court again rejects it.