# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21-CR-00123-JRA |
| Plaintiff, | ) ) | MAGISTRATE JUDGE |
| v. | ) ) | JENNIFER DOWDELL ARMSTRONG |
| KENNETH JOHNSON, | ) ) | **MEMORANDUM AND ORDER** |
| Defendant. | ) ) ) | |

## I.  INTRODUCTION

Defendant Kenneth Johnson ("Johnson") filed a Motion to Stay Execution of Garnishment Order ("Motion to Stay") on September 12, 2022. (ECF Doc. No. 212). This matter is before me pursuant to U.S. District Court Judge John R. Adams's order of referral for disposition of Johnson's Motion to Stay and any related issues, if applicable. (ECF Doc. No. 213). The United States (the "Government") has responded to Johnson's Motion to Stay (ECF Doc. No. 214), and the matter is now ripe for review.

## II.  RELEVANT BACKGROUND

A jury found Johnson guilty of several white-collar criminal charges on July 30, 2021. (ECF Doc. No. 131). As part of Johnson's sentence, the Court ordered Johnson to pay restitution in accordance with 18 U.S.C. § 3663 and § 3663A. (*See* ECF Doc. No. 175, PageID # 4748). On October 22, 2021, Johnson appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit. (ECF Doc. No. 171).

On April 27, 2022, the Government filed an Application for Writ of Garnishment. (ECF Doc. No. 199). In it, the Government asserted that it obtained a judgment against Johnson, and that

1

Johnson owed almost $750,000.00 in restitution, plus post-judgment interest. (*Id.* at PageID # 4962). The Government also asserted that Ohio Public Employees Retirement System ("OPERS") is believed to owe Johnson money or property, which is a nonexempt interest of Johnson. (*Id.* at PageID # 4963).

On May 18, 2022, the Clerk of Courts issued a Clerk's Notice of Garnishment, which advised Johnson of the garnishment, as well as his ability to ask the Court to apply any exemption that he felt he was entitled to receive. (ECF Doc. No. 202, PageID # 4973). The Clerk's Notice of Garnishment also advised Johnson that he could request a hearing in writing within 21 days wherein he could "explain to the judge why [he] think[s] the Government is not entitled to the funds garnished." (*Id.* at PageID # 4974). That same day, the Court issued a Writ of Garnishment to OPERS (ECF Doc. No. 203), and OPERS filed its Answer on July 26, 2022 (ECF Doc. No. 207). In the interim, on July 19, 2022, the Government filed a Certificate of Service, certifying that it served Johnson with the Writ of Garnishment and the Clerk's Notice of Garnishment, as well as other documents. (ECF Doc. No. 206). On September 8, 2022, the Court issued a Final Order of Garnishment, noting – in part – that Johnson had been served with the Writ of Garnishment, that Johnson did not request a hearing, and that the statutory time period for requesting a hearing had elapsed. (ECF Doc. No. 211, PageID # 7201-02).

Four days later, Johnson filed the instant Motion to Stay. (ECF Doc. No. 212). In the first paragraph of Johnson's Motion to Stay, Johnson asserts that he is entitled to a stay of execution because his conviction, sentence, and restitution amount are not final until the Sixth Circuit issues a judgment on his pending appeal. (*Id.* at PageID # 7203). The remainder of Johnson's Motion to Stay appears to be a verbatim reproduction of a previously filed Motion for Bond Pending Appeal on the Merits ("Motion for Bond"), which this Court and the Sixth Circuit have denied. (*See* ECF Doc. Nos. 172, 187, 204).

The Government responded to Johnson's Motion to Stay on September 14, 2022. (ECF Doc. No. 214). In its response, the Government argues that Johnson's Motion to Stay should be denied because: (1) Johnson did not request a hearing; and (2) regardless of Johnson's Motion to Stay, the Clerk will not release any funds to pay Johnson's restitution until all appeals are concluded and final. (ECF Doc. No. 214, PageID # 7211-12).

### III.   LAW & ANALYSIS

#### A.   Restitution (18 U.S.C. § 3556) & Garnishment (28 U.S.C. § 3205)

Title 18, Section 3556 of the United States Code provides that "[t]he court, in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution in accordance with section 3663A, and may order restitution in accordance with section 3663." Here, the Court ordered Johnson to pay restitution in accordance with 18 U.S.C. 3663 and 3663A. (*See* ECF Doc. No. 175, PageID # 4748). Rule 38(e) of the Federal Rules of Criminal Procedure provides that, if a defendant appeals, a court may stay any sentence providing for restitution under 18 U.S.C. § 3556.

Regarding garnishments, 28 U.S.C. § 3205(a) provides that "[a] court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." The garnishee is required to answer a writ of garnishment within 10 days of service of the writ. 28 U.S.C. § 3205(c)(2), (4). A judgment debtor or the United States may "file a written objection to the answer and request a hearing" within 20 days after receipt of the answer. 28 U.S.C. § 3205(c)(5).

#### B.   Analysis

Here, it is undisputed that Johnson failed to file written objections to OPERS's Answer. It is also undisputed that Johnson was on notice of his right to request a hearing in writing within 21

3

days of the Clerk's Notice of Garnishment, yet he failed to exercise that right. Instead, he filed the instant Motion, which is almost identical to his previously denied Motion for Bond. (*See* ECF Doc. Nos. 172, 212). Aside from noting that an appeal is pending in the Sixth Circuit (and providing a verbatim reproduction of his Motion for Bond regarding the merits of his appeal), Johnson has provided no rationale regarding why the Court should grant his Motion to Stay. Nor has he requested a stay of the restitution order under Fed.R.Crim.P. 38(e). As a result, Johnson's Motion is denied.

### IV. CONCLUSION

Based on the foregoing, Johnson's Motion to Stay is denied.

**IT IS SO ORDERED.**

Dated: 10/6/2022

*s/Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
U.S. Magistrate Judge