**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| KENNETH JOHNSON, ) | CASE NO.: 1:24-cv-01406 |
| ) | 1:21-cr-00123 |
| Petitioner, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** |
| Respondent. ) | (Resolves Docs. 227, 229, 239, 244, 247) |
| ) | |

This matter is before the Court upon Kenneth Johnson's ("Johnson") *Motion to Vacate, Set Aside, or Correct a Sentence* pursuant to 28 U.S.C. § 2255 (Doc. 227). The United States of America (the "Government") filed the *Government's Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255*. Doc. 244. Johnson filed an additional reply. Doc. 247. The matter is now fully briefed and ready for disposition. For the reasons set forth herein, the Motion is DENIED.

**I.        PROCEDURAL BACKGROUND**

A federal grand jury returned an indictment charging Johnson with (i) two counts of conspiracy to commit federal program theft in violation of 18 U.S.C. § 371 (Counts One and Two), (ii) six counts of federal program theft in violation of 18 U.S.C. §§ 666(a)(1)(A) and 2 (Counts Three – Eight), iii)  five counts of aiding and assisting in the preparation of false returns in violation of 26 U.S.C. § 7206(2) (Counts Nine – Thirteen), iv) tampering with a witness in violation of 18 U.S.C. §§ 1512(b)(1) and 2 (Count 14), and v) falsification of records in federal investigations in violation of 18 U.S.C. §§ 1519 and 2 (Count 15). Doc. 5. In short, the indictment alleged that

1

Johnson and three co-conspirators with various roles (two his co-defendants – Garnell Jamison and John Hopkins, and another named but not charged – Robert Fitzpatrick) operated several schemes wherein they would access funds appropriated to a local development corporation by the federal government, and improperly provide for and collect reimbursements from Fitzpatrick, a city employee. Doc. 5. The indictment also alleged that Johnson and Jamison aided and assisted in the preparation of false tax returns and obstructed justice. Doc. 5. A jury found Johnson guilty as to all counts. Doc. 131.

The Court sentenced Johnson to 72 months' imprisonment and three years' supervised release and assessed a monetary penalty of $746,839.38. Doc. 175. Johnson filed the *Notice of Appeal* (Doc. 171) soon thereafter and the Sixth Circuit affirmed on all grounds. *See United States v. Johnson*, 79 F.4th 684 (6th Cir. 2023). Johnson then filed the *Motion to Reduce Sentence* (Doc. 222) which the Court denied due to his sentence being ineligible for reduction under Amendment 821 (Doc. 225).

Now, Johnson has filed the instant Motion and the additional supplement and reply as a final attempt at a sentence reduction, wherein he argues that he was denied effective assistance of counsel and that there is new evidence to support his innocence. Docs. 227, 229, 247.

II.     LEGAL STANDARD

A prisoner in custody that moves to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 must show that (i) the sentence was imposed in violation of the Constitution or laws of the United States, (ii) the court was without jurisdiction to impose such sentence, (iii) the sentence was in excess of the maximum authorized by law, or (iv) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Johnson's claims of ineffective assistance of counsel

(Grounds One – Four) fall in the first category because he alleges that his constitutional right to the effective assistance of counsel was violated. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

A motion made pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for raising a claim of ineffective assistance of counsel. *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992) ("Ineffective assistance of counsel claims are best brought by a defendant in a post-conviction proceeding under 28 U.S.C. § 2255 so that the parties can develop an adequate record on the issue.") The test of counsel's effectiveness was set forth by the Supreme Court in *Strickland v. Washington*. The measure used is whether the representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). To succeed on their claim of ineffective assistance of counsel, the defendant must show both a deficient performance and resulting prejudice. *Id.* at 688. Counsel's performance is evaluated considering all circumstances, based on their perspective at the time. *Snider v. United States*, 908 F.3d 183, 192 (6th Cir. 2018) (citing *Strickland*, 466 U.S. at 689). Further, counsel's strategic choices are granted a high level of deference under the presumption that the challenged action might be considered sound trial strategy. *Tremble v. Burt*, 497 Fed. Appx. 536, 574 (6th Cir. 2012) (citation and internal quotation marks omitted). The second part of the *Strickland* test – whether there was resulting prejudice – is more difficult. To succeed on this prong, a defendant must prove that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019) (citation omitted).

### III. ANALYSIS

#### a. Brady Violations

Johnson first argues that appellate counsel was ineffective when they failed to raise evidentiary issues on appeal. Johnson claims that the Government violated his due process rights under *Brady v. Maryland,* 373 U.S. 83 (1963) by suppressing evidence that would have impeached its witnesses and established statute of limitations issues with respect to the conspiracy charges (Counts One and Two). Doc. 227 at 4, Doc. 247 at 4–8.

Decisions about what arguments to present on appeal are left to the sound professional judgment of counsel. *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). To establish a *Brady* violation, the movant must show that the prosecution withheld favorable evidence that was material to his conviction or sentence. *Jones v. Bagley*, 696 F.3d 475, 486 (6th Cir. 2012). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (internal quotation marks and citation omitted).

In the Motion, Johnson vaguely alleges that a letter from the Cleveland City Council Clerk Emily Lipovan would have impeached the Government's key witness [Fitzpatrick] and "established time-barred issues." Doc. 227 at 4. Then, in his reply, Johnson expounds upon his arguments by claiming the letter "undermines the government's conspiracy theory and Fitzpatrick's credibility…Fitzpatrick's testimony was central to the conspiracy charge." Doc. 247 at 4. He further states that he would have been acquitted if the jury would have been presented with the letter. *Id.* However, a review of the letter indicates it does not mention Fitzpatrick once. Doc. 247-1. Therefore, it is unclear how the letter would impeach Fitzpatrick or otherwise be material to Johnson's conviction. Further, the Government indicates it did not have this letter in

4

its possession, but Johnson did. Doc. 244 at 10. As the Government did not withhold the evidence and it was also not material, Johnson cannot establish a *Brady* violation. *See Jones* at 486. Therefore, counsel's decision to not present this argument on appeal is not indicative of a deficient performance or prejudice. *See Bullard*, 937 F.3d at 661.

Next, Johnson states that he retired in December 2012, and the Government knew this but did not tell the grand jury. Doc. 227 at 4. He then clarifies in the reply that his retirement in December 2012 was his last overt act in furtherance of the conspiracy, despite his rehiring one week later, and therefore the statute of limitations on this charge ended in December 2017 and his indictment is time-barred. Doc. 247 at 7. However, similar to the Lipovan letter, Johnson has not established this evidence was suppressed in any way. Rather, common sense suggests Johnson was perfectly aware of his retirement date and, therefore, the Government did not somehow keep this information from him. As such, Johnson again cannot establish a *Brady* violation and counsel's decision to not present this argument on appeal was not ineffective. *See Bullard*, 937 F.3d at 661.

Last, Johnson refers to another letter, this one from the City of Cleveland Director of Law, Barbara Langhenry. He claims he did not receive the letter, but that it would impeach the indictment and therefore should have been presented to the grand jury and petit jury. Doc. 227 at 4. In the reply, Johnson argues that the letter, if presented to the jury, would have provided him with the argument that the City of Cleveland was at fault for the failure to obtain federal (HUD) approval for payment to his children for their work with the local development corporation, Buckeye Shaker Square Development Corporation ("BSSDC"). Doc. 247 at 7. He states that if this argument had been available, it would have altered the outcome of his case. *Id.* When an issue is addressed by the appellate court on direct appeal, petitioner cannot use a § 2255 motion to relitigate the issue, absent an intervening change in law. *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir.

5

1996). Here, the Langhenry letter was addressed on appeal and the Sixth Circuit affirmed this Court's decision to not admit it. *See United States v. Johnson*, 79 F.4th 684, 704–705 (6th Cir. 2023). Further, Johnson does not allege an applicable change in law. Therefore, the admissibility of the letter cannot be relitigated here.

Johnson has not established prejudice supported by *Brady* violations with respect to either letter or evidence of his 2012 retirement. *See Bullard*, 937 F.3d at 661. Accordingly, this ground for relief is denied.

### b. Improper Expansion of the Indictment

Johnson next argues that counsel was ineffective when they did not appeal the introduction of certain information during trial. Doc. 227 at 5. He provides a disorderly list of supporting facts, including statements about his co-defendant, Garnell Jamison, issues with jury instructions, and the characterization of BSSDC. *Id.* Then, in his reply, Johnson clarifies ground two as a claim that his conviction and sentence are unlawful because they are based on an unauthorized broadening of the indictment as to counts two through five via a constructive amendment, which violates his rights under the Fifth and Sixth Amendments. Doc. 247 at 9–12.

An indictment is amended, either actually or constructively, when the charging terms are altered. *Martin v. Kassulke*, 970 F.2d 1539, 1542 (6th Cir. 1992). As to a constructive amendment, this occurs when "the terms of an indictment are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *United States v. Bradley*, 917 F.3d 493, 501–02 (6th Cir. 2019) (internal citation and quotation marks omitted). The government may present proof beyond the conduct charged in the indictment and there is not a constructive amendment when the jury

6

instructions mirror the charges in the indictment. *Id.* at 502–03. Here, a comparison of the Indictment (Doc. 5) and the final jury instructions (*Transcript of Trial Proceedings*, Doc. 132) indicates no discrepancy between the two, with the jury instructions reflecting only the charges in the indictment and associated elements of same, therefore there was no constructive amendment. *See Bradley*, 917 F.3d at 502–03.

While not entirely detailed in his explanation, Johnson appears to mainly take issue with the Government's burden of proof with respect to indictment charges that may have indicated "and/or" followed by evidence proving only the disjunctive. Doc. 247 at 11. This approach of charging a crime in the conjunctive but proving it in the disjunctive is wholly permissible. *United States v. LaPointe*, 690 F.3d 434, 440 (6th Cir. 2012). As the Sixth Circuit has explained:

> The government's right to charge in the conjunctive and prove in the disjunctive reflects the necessary discrepancies between indictments and jury instructions. Indictments must be phrased in the conjunctive so that society can be confident that the grand jury has found probable cause for all of the alternative theories that go forward. Juries, on the other hand, may convict a defendant on any theory contained in the indictment. As a result, judges read jury instructions in the disjunctive.

*Id.* (emphasis added). The Sixth Circuit has described this as a "well-settled principle," *id.*, and routinely endorses the practice of charging statutes which "denounce[ ] the offense disjunctively" in the conjunctive – yet proving the offense in the disjunctive. *United States v. Pirosko*, 787 F.3d 358, 368 (6th Cir. 2015); *United States v. McAuliffe*, 490 F.3d 526, 534 (6th Cir. 2007). Under these circumstances, "the government may prove and the trial judge may instruct in the disjunctive form used in the statute." *Pirosko*, 787 F.3d at 368.

The indictment was not constructively amended as to Johnson and the jury instructions were appropriate, therefore, appellate counsel was not ineffective for failing to raise these issues. *See Bullard*, 937 F.3d at 661. Accordingly, this ground for relief is denied.

7

### c. Prosecutorial Misconduct

Johnson also claims that appellate counsel was ineffective because they did not raise an issue of prosecutorial misconduct on appeal. Doc. 227 at 7. This ground for relief cites to grounds one and two as evidence of misconduct, but further alleges the prosecutor allowed perjury, misled the jury, utilized witness testimony that was not credible, suppressed a HUD report, and pursued illegal restitution. *Id.*

"For a habeas corpus motion to be cognizable under a claim of prosecutorial misconduct, the misconduct must be 'of sufficient significance to result in the denial of the defendant's right to a fair trial.'" *Marcusse v. United States*, 785 F. Supp. 2d 654, 663 (W.D. Mich. 2011) (quoting *Greer v. Miller*, 483 U.S. 756, 765 (1987) (citations omitted)). A petitioner must demonstrate that the statements of the prosecutor "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974). Johnson's vague factual allegations, including the assertion that the Government "misled the jury" [without clarity as to which statements he takes issue with] and the "restitution is illegal" do not meet the high burden required for success on the prosecutorial misconduct claim. As such, appellate counsel was not ineffective for not raising this issue on appeal. *See Bullard*, 937 F.3d at 661. This ground for relief is accordingly denied.

### d. Generalized Ineffective Assistance of Counsel

In Ground Four, Johnson restates the ineffective assistance of counsel claims addressed in Grounds One and Two, and additionally indicates he was misled by his trial counsel, who (i) collected payment for an expert witness that did not appear and (ii) allegedly told Johnson that he would not be suspended by Cleveland City Council and (iii) continued to fail to represent Johnson

8

at his hearing before the Supreme Court of Ohio. Doc. 227 at 8–9. As to the additional claims not detailed in Grounds One or Two, Johnson fails to explain how any of these grievances are even remotely related to an unconstitutional conviction or sentence. Johnson has not shown any defective performance of trial counsel or prejudice caused, therefore, this ground for relief is denied. *See Strickland*, 466 U.S. at 687–88.

### e. New Evidence

Finally, Johnson contends that he is entitled to relief on the basis of newly discovered evidence. Specifically, he points to a publication from Cleveland City Council, which he claims is "probative to Counts 1 and 6–8." Doc. 227 at 8. He attaches the publication and argues that the article indicates Council paid for the basketball team. Doc 227, Ex. 2. While vague, this appears to be Johnson's threadbare attempt at establishing actual innocence by claiming federal funds via the BSSDC were *not* inappropriately used to reimburse Fitzpatrick in conjunction with the Elite basketball team.

Initially, the Court notes that a freestanding claim of actual innocence is not cognizable in a § 2255 proceeding. *See Avery v. United States*, No. 17-5473, 2017 WL 9248941, at *3 (6th Cir. Nov. 13, 2017) (citing *Cress v. Palmer*, 484 F.3d 844, 854 (6th Cir. 2007). The alleged new evidence does not establish how Johnson's rights were violated or that his counsel was ineffective in relation to the evidence. As such, it provides no basis for relief. Further, contrary to Johnson's statement, the article does not even make a suggestion as to what funds were associated with the Elite basketball team. The article does nothing to undercut the substantial evidence the Government presented that demonstrated Johnson's involvement in many schemes, not limited to the sports team reimbursements. As such, even if the Court were to consider the merits of Ground Five, it would fail. This ground for relief is accordingly denied.

9

## IV. ACCOMPANYING MOTIONS

Johnson has also filed a *Motion to Strike Government's Consolidated Motion for a 35-day Extension of Time* (Doc. 239) and included a request for an evidentiary hearing with his reply brief (Doc. 247 at 13).

The motion to strike is mainly based Johnson's disagreement with any delay caused by the extension of the Government's time to respond to his Motion, and the Government's apparent failure to seek leave of Court to combine Johnson's Motion with the simultaneously filed § 2255 motion of his co-defendant. Doc. 239 at 2. The Court found good cause for the extension when it granted the request (Doc. 236) and the Government did not combine the two § 2255 motions, rather it filed its response to this Motion as to Johnson only and responded separately to his co-defendant's § 2255 motion. Accordingly, the Motion to Strike (Doc. 239) is DENIED,

In a § 2255 proceeding, "no evidentiary hearing is necessary when a movant's claims cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Norwood v. United States*, No. 23-1684, 2025 U.S. App. LEXIS 2683, at *5 (6th Cir. Feb. 5, 2025) (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Johnson's claims all lack merit and/or are contradicted by the record, so an evidentiary hearing is not necessary. Accordingly, his request for an evidentiary hearing is DENIED.

## V. CONCLUSION

For the foregoing reasons, Johnson's *Motion to Vacate, Set Aside, or Correct a Sentence* (Doc. 227) and *Motion to Strike* (Doc. 239) are DENIED.

**IT IS SO ORDERED.**

October 23, 2025                          */s/ John R. Adams*
DATE                                         JOHN R. ADAMS
                                               UNITED STATES DISTRICT JUDGE